# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | No. 03-20003-CM-9 |
| ) | Appeal No. 04-3376-CM |
| **MONIQUE HORTON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 9, 2003, defendant Monique Horton was charged in the United States District Court for the District of Kansas with four counts of a nine-count indictment: Count One - conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); Counts Three and Four - maintaining a residence for the purpose of distributing cocaine base and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and Count Eight - possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and 18 U.S.C. § 2. On June 23, 2003, defendant entered into a plea agreement with the United States and pleaded guilty to Count One of the indictment. The plea agreement included a statement that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," including her right to file a motion under 28 U.S.C. § 2255.

Defendant was sentenced to 324 months imprisonment on September 30, 2003. On October 20, 2004, defendant filed a *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 344). Defendant claims that she did not understand the

consequences of the plea agreement, and that her counsel was ineffective.

**I.      Voluntary and Knowing Plea**

The petitioner's argument on this point is the following:

> Through out [sic] my court proceedings, my attorney continued to let me be under the impression that I could only receive 10 yrs. If I had understood differently, I would not have accepted the plea bargain I did, and the outcome would have been different. I was enhanced 2 points on the base level offense for a firearms enhancement <u>not</u> shown to a jury.

The plea agreement itself informed defendant of some of the consequences of her guilty plea. Paragraph one of the plea agreement states: "The defendant understands that the maximum sentence which may be imposed as to Count 1 of the indictment to which the defendant has agreed to plead guilty is not less than 10 years imprisonment nor more than life incarceration . . . ." During the change of plea hearing, the court took great care in advising the petitioner of what she could expect from her guilty plea. The court examined both defendant and her counsel about their knowledge and understanding of the plea agreement:

> THE COURT: Has your attorney gone over that charge in Count One with you?
> THE DEFENDANT: Yes.
> THE COURT: Has he explained to you what that charge is about?
> THE DEFENDANT: Yes.
> THE COURT: Has he also explained to you the consequences of pleading guilty to that charge?
> THE DEFENDANT: Yes.
>
>                                                . . . .
>
> THE COURT: By pleading guilty, there's certain maximum penalties and punishments you could receive. I need to make sure you understand what they are. Do you understand that you could receive a term of imprisonment of not less than 10 years nor more than life --
> THE DEFENDANT: Yes.
> THE COURT: -- incarceration?

THE DEFENDANT:  Yes.

. . . .

THE COURT:  Okay.  Miss Horton, in the agreement, the government agrees to make certain recommendations to the court.  But I want you to understand those are merely recommendations, and that the final determination on any of those will be made by the court.  Do you understand that?
THE DEFENDANT:  Yes.
THE COURT:  And so, if the court for some reason should not go along with the recommendations made by the government, do you understand that you would still not have the right to withdraw your plea of guilty then?
THE DEFENDANT:  Yes.
THE COURT:  Also, do you understand that if the sentence is more severe than you expected, you will still be bound by your plea, and again, will have no right to withdraw it?
THE DEFENDANT:  Yes.
THE COURT:  After going over these questions involving your plea agreement, do you still want to plead guilty?
THE DEFENDANT:  Yes.
THE COURT:  Other than the plea agreement that we've just gone over here in court, has anyone made any sort of promise to you in order for you to plead guilty?
THE DEFENDANT:  No.
THE COURT:  Has anyone forced or threatened you in order for you to plead guilty?
THE DEFENDANT:  No.
THE COURT:  Are you telling the court that you're entering your plea of guilty freely and voluntarily and of your own free will?
THE DEFENDANT:  Yes.
THE COURT:  Are you telling the court that the only reason that you're pleading guilty to this offense is because you are in fact guilty of the offense charged?
THE DEFENDANT:  Yes.
THE COURT:  Have you gone over with your attorney a petition to enter a plea of guilty?
THE DEFENDANT:  Yes.
THE COURT:  Has he explained to you what's contained in that petition?
THE DEFENDANT:  Yes.
THE COURT:  And also the consequences of you signing that petition?
THE DEFENDANT:  Yes.
THE COURT:  Do you have any questions about any of the matters

>           covered in that petition?
>           THE DEFENDANT: No.
>           THE COURT: Do you understand that the answers that you make to the
>           questions in that petition as well as the ones you're giving the court today
>           are all being made under oath?
>           THE DEFENDANT: Yes.
>           THE COURT: Mr. Highland, is it your statement to the court that you've
>           gone over the plea petition with your client, explained to her the contents of
>           the petition as well as the consequences of her signing the petition?
>           MR. HIGHLAND: I have, Your Honor. I've read the complete plea
>           petition and plea agreement to my client and we've discussed the features
>           that arose.

The court finds that the plea agreement and plea colloquy put defendant on sufficient notice that defendant would be sentenced to at least ten years, but could be sentenced to as much as life imprisonment. Thus, the record reveals nothing that suggests defendant's plea agreement was either unknowing or involuntary. Defendant's motion on this issue is denied.

## II.     Ineffective Assistance of Counsel

In support of her argument that her attorney provided ineffective assistance of counsel, defendant states:

>           My attorney did not fully explain the possibilities of enhancements on my
>           base level offense or criminal history. . [sic] Which in turn, led to my not
>           understanding fully, the consequences of my conviction. I was given points
>           to highten [sic] my criminal history, on offenses undetermined in my PSI, as
>           well, that increased my sentence, after my plea.

Even where a defendant waived her post-conviction rights, she may file a habeas petition under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel which "pertains to the validity of the plea." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). In determining whether a habeas petitioner's trial counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See*

-4-

*Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. First, she must demonstrate that her attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that the trial counsel's deficient performance prejudiced her, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a challenge to a guilty plea, a petitioner must show that had it not been for the unsatisfactory advice of her counsel, she would not have entered a guilty plea to the charges. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

*Id.* at 59. A petitioner's "mere allegation" that she would have insisted on trial but for her counsel's errors is insufficient to entitle her to relief. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)). The court looks to the factual circumstances surrounding the plea to determine whether a petitioner would not have entered a guilty plea. *Id.* (citations omitted).

As an initial matter, the court notes that the factual circumstances surrounding the plea include admissions that defendant did not have any complaints about the way her attorney had represented her, and that it was her own decision to plead guilty. For example, during the plea hearing, the undersigned judge asked defendant several questions about her representation:

> THE COURT: Miss Horton, have you had a full opportunity to speak with your attorney regarding this charge against you?
> THE DEFENDANT: Yes.
> THE COURT: And after going over the matter thoroughly with your attorney and learning the evidence against you, have you decided that what you want to do is plead guilty to this charge?
> THE DEFENDANT: Yes.
> THE COURT: Is the decision to plead guilty, is that your decision or your attorney's?
> THE DEFENDANT: Mine's. [sic]
> THE COURT: Are you satisfied with the advice and services of your attorney?
> THE DEFENDANT: Yes.
> THE COURT: Do you have any complaints about the way he's represented you so far?
> THE DEFENDANT: No.

These statements serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).

Defendant argues that her attorney did not adequately explain to her the effect of her criminal history or possible enhancements to her sentence. Even presuming this is true, the court finds that defendant has failed to adequately demonstrate that her attorney's alleged deficiencies in any way changed the result of the proceedings. Although defendant argued that if she had understood the plea agreement differently, she would not have entered into the agreement, conclusory allegations are insufficient. *Miller*, 262 F.3d at 1072 (citation omitted). Accordingly, defendant's motion is denied.

Finally, the court finds a hearing unnecessary because, even taking defendant's allegations as true, she fails to state a claim for relief.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 344) is denied.

Dated this 7th day of April 2006, at Kansas City, Kansas.

                                    **s/ Carlos Murguia**
                                    **CARLOS MURGUIA**
                                    **United States District Judge**