**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,** )
)
       **Plaintiff,** )
)
**v.** )
)   Case No. 03-20003-09-CM
)
**MONIQUE HORTON,** )
)
       **Defendant.** )
)

## **MEMORANDUM AND ORDER**

This closed criminal case is before the court on defendant Monique Horton's Motion to Obtain Relief of a Newly Recognized Right of *Alleyne* by the United [States] Supreme Court (Doc. 568). Defendant asks the court to vacate her sentence because the court applied an enhancement at sentencing using only a preponderance of the evidence standard. In support of her motion, defendant cites the recent Supreme Court case *United States v. Alleyne*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). The Supreme Court decided *Alleyne* well after defendant was sentenced in 2003. Since being sentenced, defendant has filed a § 2255 motion and a § 3582 motion—both of which the court denied.

Although defendant did not specifically denote her motion as such, it is—in substance—a second § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (holding that a motion "'claiming the right to be released upon the ground that the sentence was imposed in

-1-

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law'" must be considered a successive § 2255 motion) (quoting 28 U.S.C. § 2255). Because defendant's motion is actually a second or successive § 2255 motion, she must obtain authorization from the Tenth Circuit before filing it. *See* 28 U.S.C. § 2255(h). But defendant has not shown that she obtained such authorization. This court therefore lacks jurisdiction to consider the motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

Given this posture, the court must either dismiss defendant's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). To transfer the motion, the court must first determine that such transfer would be "in the interests of justice." *Id*. This the court cannot do. The motion is unlikely to be meritorious, which strongly suggests that it would <u>not</u> be in the interests of justice to transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Simply stated, *Alleyne* does not offer defendant relief. While the case did "set forth 'a new rule of constitutional law,'" it does not apply retroactively to collateral reviews. *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)). Defendant's claim therefore fails to satisfy the requirements of § 2255(h), which provides that successive motions must be based on newly discovered evidence or a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court" that was previously unavailable. 28 U.S.C. § 2255(h).

For the above reasons, the court (1) dismisses this action for lack of jurisdiction; (2) declines to transfer the action to the Tenth Circuit; and (3) declines to issue a certificate of appealability, to the extent a certificate is necessary in this case. A certificate of appealability is not warranted for this reason: Reasonable jurists could not debate whether "the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Motion to Obtain Relief of a Newly Recognized Right of *Alleyne* by the United [States] Supreme Court (Doc. 568) is dismissed without prejudice for lack of jurisdiction.

Dated this 10th day of March, 2014, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**