# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                   Case No. 03-20003-09-JWL

**Monique Horton,**

      **Defendant.**

## **MEMORANDUM & ORDER**

On June 23, 2003, Ms. Horton pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack. She was sentenced to 324 months imprisonment followed by five years of supervised release. On January 17, 2019, Ms. Horton filed an unopposed motion to reduce her sentence pursuant to the First Step Act. The motion was granted and her sentence was reduced to 168 months. Ms. Horton began supervision on February 5, 2019, after serving 184 months in custody. This matter is now before the court on Ms. Horton's motion for early termination of her supervision (doc. 743). The government opposes the motion. As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). The Judicial Conference has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and recommended that

the United States Probation Office and courts evaluate two sets of factors depending on how long the defendant has been on supervised release when requesting early termination. Guide to Judiciary Policy, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)–(c) (July 2, 2018). For a defendant who requests early termination during the first 18 months of supervision, "the appropriateness of early termination must be based on the person's overall progress in meeting supervision objectives," which includes that the person (1) substantially satisfied the requirements of the court order; and (2) demonstrates a willingness and capability to remain lawful beyond the period of supervision." *Id*. § 360.20(b)(1)–(2). For persons within the first 18 months of supervision, probation officers "should not recommend persons for early termination who have an identified higher risk to community safety." *Id.* After 18 months of supervision, there is a presumption in favor of recommending early termination for persons who meet certain criteria. *Id*. § 360.20(c). It is significant to the court that the probation office opposes Ms. Horton's request for early termination because she is within the first 18 months of supervision and is not considered "low risk" for purposes of the policy. The probation office is the most familiar with Ms. Horton's circumstances and is in the best position to assess the need for continuing supervision.

Ms. Horton contends that early termination is appropriate because she has served the statutorily required period of one year, she has been fully compliant with the conditions of her release and she is in good standing with the probation office. She further asserts that she has successfully reintegrated into the community, maintaining a full-time job and strong ties to her church. The court commends Ms. Horton for her compliant conduct on supervision and her successful efforts at community reintegration. Nonetheless, the court is not persuaded that, just

2

13 months into a 60-month term of supervised release, Ms. Horton's circumstances warrant termination of her supervision. In short, the court believes that Ms. Horton will benefit from continued supervision. Ms. Horton may file another motion in the future if additional circumstances warrant a re-examination of the issue, particularly after she qualifies for the presumption in favor of release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Horton's motion for early termination of supervised release (doc. 743) is **denied.**

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge